*Commonwealth vs. Thompson.*

---

## Commonwealth *vs.* Thompson.

ERROR TO CARTER CIRCUIT.

Chief Justice SIMPSON delivered the opinion of the court.

INDICTMENT.

Case 4.

June 14.

The act of 1851, regulating proceedings against officers (sess. acts, 385,) gives to the officer and the commonwealth the right of *appeal* from any final disposition of the prosecution by a judgment of the court. It lies from the judgment of the court quashing the indictment; but *a writ of error* does not lie on behalf of the commonwealth.

This is an indictment against the defendant as county judge, for malfeasance in office, under the act

Case stated.

COMMONWEALTH
*vs.*
THOMPSON.

of 1851, regulating proceedings against officers.—
(*Session Acts*, 1850–51, 385.)

The act provides, "that if any judge of a county court, justice of the peace, sheriff, coroner, surveyor, jailer, county assessor, attorney for the county, or constable, shall be guilty of malfeasance or misfeasance in office, or wilful neglect in the discharge of his official duty, he shall be subject to indictment by a grand jury of the county in which he may reside, and on conviction thereof by a petit jury in the circuit court in which the indictment shall be found, his office shall become vacant, and the court shall so decree it."

The indictment charges, in substance, that a certain Amos S. Watson had been apprehended on a charge of felony, and having been tried before two justices of the peace in and for Carter county, was committed by them upon that charge to the custody of the jailer of said county. That the defendant, who was the presiding judge of Carter county, did, in his official capacity as such, issue a writ of *habeas corpus* to the jailer, requiring him to bring before him the body of the said Watson, together with the cause of his detention in custody, and that, thereupon, the jailer of said county, in obedience to the command of said writ, produced before the defendant the body of said Watson, together with a mittimus subscribed by two justices of the peace in and for said county committing the prisoner to the custody of the jailer on a charge of felony, to be kept by him until he should be discharged by due course of law. That the defendant having before him the body of said Watson, together with the mittimus aforesaid containing reasons and authority for his detention, "but wickedly and corruptly intending to prevent the due course of the laws, and to shield the said Watson from the penalties of the laws of the commonwealth of Kentucky, inflicting punishment on felons, did then and there, in his official capacity as presiding judge of Carter county, under the pretense of administer-

ing the laws, wickedly and corruptly discharge the said Amos S. Watson from the custody of the jailer."

The circuit court, upon the motion of the defendant, quashed the indictment, and to the judgment of that court the commonwealth has prosecuted a writ of error.

The right of the commonwealth to prosecute the writ of error in this case was denied in the argument. The act under which the prosecution is carried on contains a provision that the officer and the commonwealth shall have the right to appeal from the decree of the circuit court to the court of appeals. The decree referred to, under a strict construction of the act, is only the decree declaring the office of the defendant vacant, after a conviction for malfeasance or misfeasance in office. But it is obvious that the object of the legislature was to permit the parties to appeal from the decision of the court as in other cases. If the defendant be convicted, and his office declared vacant by a decree of the court, there would exist no cause for an appeal by the commonwealth from that decree, so that the right of appeal given to the commonwealth by the act would be nugatory and inoperative, if it were limited to such a termination of the prosecution. But the legislature evidently intended to give to the officer and the commonwealth the right of appeal, whenever there was a final disposition of the prosecution, by a judgment of the court that either party deemed erroneous.

The act of 1851, regulating proceedings against officers (sess. acts, 385,) gives to the officer and the commonwealth the right of *appeal* from any final disposition of the prosecution by a judgment of the court. It lies from the judgment of the court quashing the indictment; but *a writ of error* does not lie on behalf of the commonwealth.

We have no doubt, therefore, that an appeal would lie from the judgment of the court quashing the indictment. The commonwealth, however, has not brought the case to this court by appeal, but by writ of error. The statute does not authorize either party to prosecute a writ of error, but gives the right to appeal within the time and in the mode prescribed by law in civil cases. It also provides, that when the office is declared vacant by a decree of the circuit court, it shall be suspended where an appeal is taken, until it shall be affirmed by the court, and its mandate

filed in the circuit court. From these provisions it is evident the right of appeal was only intended to be given, so that such cases might be speedily disposed of, and that writs of error are not allowed by the act. Unless, therefore, the commonwealth has a right to prosecute this writ of error, under the general laws upon the subject, it cannot be maintained.

The statute of 1796, (1 *Statute Law*, 130,) declared that no writ of error should be issued in those cases which might be brought before and determined by the district court under the criminal jurisdiction of said court. Under that statute it was decided that this court had no appellate jurisdiction in any criminal, or quasi criminal cases, but such as were strictly and exclusively penal—that is, in cases in which a fine was the only punishment.

By an act passed in 1841, (3 *Statute Law*,) the right to appeal or to prosecute a writ of error, in all cases where judgments are rendered upon an indictment for a misdemeanor against a free person, whether the punishment therefor is by fine only, or fine and imprisonment, or otherwise, is allowed the defendant; but the act does not give any such right to the commonwealth.

A proceeding against an officer under this statute for malfeasance in office is a criminal prosecution. It is a case in which this court can take no appellate jurisdiction at the instance of the commonwealth, except that conferred by the statute ; and as a right to appeal only is given, a writ of error cannot be maintained.

Wherefore, the writ of error in this case is dismissed.

*Harlan*, Attorney General, for Commonwealth.—*Farrow, Peters, & Farrow*, for defendant.